JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Christopher Tucker ("Tucker") appeals from the decision of the Cuyahoga County Court of Common Pleas which denied his petition for postconviction relief without a hearing. Finding no error in the proceedings below, we affirm.
 {¶ 2} The following facts give rise to this appeal. In August 2001, after a second jury trial,[1] Tucker was found guilty of aggravated robbery in violation of R.C. 2911.01 with a firearm specification and one count of attempted murder in violation of R.C. 2923.02 and 2903.02(A) with a firearm specification.[2] He was sentenced to a total of eight years in prison: five years for both counts, which were to run concurrently to each other, plus three years for both gun specifications, again to run concurrent with each other but consecutive to the five-year terms.
 {¶ 3} Tucker's conviction and sentence were affirmed inState v. Tucker, Cuyahoga App. No. 80221, 2002-Ohio-4902, and the Supreme Court of Ohio declined jurisdiction in State v.Tucker, 98 Ohio St.3d 1477, 2003-Ohio-974.
 {¶ 4} Tucker filed a petition for postconviction relief on July 30, 2002. The state filed a brief in opposition on August 19, 2002. On August 30, 2002 the trial court dismissed said petition without issuing findings of fact and conclusions of law. On March 18, 2004, Tucker filed a motion for findings of fact and conclusions of law, and the court issued said findings on April 2, 2004.
 {¶ 5} Tucker appeals this decision of the trial court and advances one assignment of error for our review.
 {¶ 6} "I. The trial court erred when it dismissed Mr. Tucker's postconviction petition without a hearing because Mr. Tucker stated substantive grounds for relief that were not contradicted by the record. (August 30, 2002 Entry Dismissing Petition; April 2, 2004 Findings of Fact and Conclusions of Law)."
 {¶ 7} Specifically, Tucker argues that his petition contended that he was deprived of his right to the effective assistance of counsel because his trial counsel did not submit a notice of alibi until the day that his second trial was set to begin. Tucker argues that he alleged substantive grounds for relief and, therefore, a hearing was warranted.
 {¶ 8} When a person files a petition for postconviction relief pursuant to R.C. 2953.21, the court may grant a hearing unless it determines that the petitioner is not entitled to relief. R.C. 2953.21(E). To make that determination, the court must consider the petition, supporting affidavits, and files and records, including, but not limited to, the indictment, journal entries, clerk's records, and transcript of proceedings. R.C.2953.21(C). Furthermore, when assessing whether or not to grant a hearing, the trial court should examine the contents of the affidavits offered in support of the petition. State v. Nix
(Dec. 30, 1999), Cuyahoga App. Nos. 75630, 75631.
 {¶ 9} Here, the trial court found that Tucker in his first trial did not testify consistent with the affidavits submitted for his alibi defense. Further, the trial court found that Tucker knew the two individuals whose testimony would provide an alibi and could have timely brought their names and whereabouts to the defense counsel's attention so they could be interviewed in time for the first trial or used as alibi witnesses after a timely notice of alibi was filed. The trial court stated: "No evidence or convincing explanation was offered to explain why they were not called as witnesses in or interviewed in advance of the first trial."
 {¶ 10} "[T]he legislature intended for the trial court to weigh issues of credibility without granting a hearing." Statev. Moore (1994), 99 Ohio App.3d 748, 753. In this case, it is clear the trial court weighed the credibility of the "newly discovered" alibi witnesses and determined that their statements were inconsistent with Tucker's first rendition of what happened and Tucker's counsel was not at fault for his failure to "discover" that Tucker was allegedly with someone else at the time of the crime, when Tucker himself claimed that he could not recall his whereabouts. Therefore, it was not error to deny Tucker's petition for postconviction relief, since the trial court properly determined Tucker was not entitled to relief.
 {¶ 11} Furthermore, there are several other reasons why a court may refuse to grant a hearing when a petition for postconviction relief is filed. See State v. Combs (1994),100 Ohio App.3d 90. When a petitioner seeks postconviction relief on an issue that was raised or could have been raised on direct appeal, the petition is properly denied by the application of the doctrine of res judicata. State v. Edwards (Mar. 11, 1999), Cuyahoga App. No. 73915, citing State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. In order to overcome the res judicata bar, the petitioner must show, through the use of extrinsic evidence, that he could not have appealed the original constitutional claim based on the information in the original trial record. Id., citing State v. Combs (1994),100 Ohio App.3d 90, 97-98. This evidence outside the record is necessary so that the petitioner may prove that after conviction he obtained evidence not previously available to him that will prove the claim he is seeking. Id.
 {¶ 12} A petition for postconviction relief that alleges that the petitioner received ineffective assistance of counsel at trial is subject to dismissal on res judicata grounds where the petitioner had new counsel on direct appeal and where the ineffective assistance of counsel claim could otherwise have been raised on direct appeal without resort to evidence outside the record. State v. Lentz (1994), 70 Ohio St.3d 527, 529-530.
 {¶ 13} In the case at bar, we find that Tucker had new counsel on appeal and could have raised the issue of ineffective assistance of counsel, as it pertains to the issue of filing a late notice of alibi, on direct appeal.[3] Further, we find that the issue could have been fairly determined without resort to evidence outside the record and thus his petition for postconviction relief would also be barred by the doctrine of res judicata.
 {¶ 14} Tucker's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Sweeney, J.*, concur.
*Sitting by assignment: Judge James D. Sweeney, Retired, of the Eighth District Court of Appeals.
[1] The first trial resulted in a hung jury.
[2] Tucker was found not guilty of the second charge of attempted murder with a firearm specification.
[3] We note for the record that Tucker raised an ineffective assistance of counsel issue in the first appeal on different grounds, which were not well taken.