[Cite as *State v. Lowery*, 2011-Ohio-2827.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                    :            C.A. CASE NO.    24198

v.                                               :            T.C. NO.    06CR159

CHARLES B. LOWERY                                :               (Criminal appeal from
                                                              Common Pleas Court)
    Defendant-Appellant              :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____10th____ day of ____June____, 2011.

. . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHARLES B. LOWERY, #536057, Warren Correctional Institute, P. O. Box 120, Lebanon, Ohio 45036
    Defendant-Appellant

. . . . . . . . . .

KLINE, J. (by assignment)

{¶ 1}  Charles B. Lowery (hereinafter "Lowery") appeals the denial of his motion for post-conviction relief.  Lowery contends that counts three and four of his indictment were defective, and, therefore, the trial court was without jurisdiction to

convict him. Lowery also contends that counts three and four of his indictment were unconstitutional because they suffered from multiplicity. Because Lowery's petition was untimely filed, and because his claims are barred by res judicata, we disagree. Accordingly, we affirm the judgment of the Montgomery County Court of Common Pleas.

I

{¶ 2} On February 13, 2006, Lowery was indicted for two counts of aggravated robbery with firearm specifications, one count of unlawful possession of a dangerous ordnance, and one count of having weapons under a disability. The weapons charges were severed from the robbery charges. A jury found Lowery guilty on the robbery charges on July 12, 2006. Lowery pled guilty to the weapons under a disability charge on September 5, 2006, and the state dismissed the possession of a dangerous ordnance count.

{¶ 3} The trial court sentenced Lowery to two mandatory four-year terms on the robbery charges and ordered that Lowery serve them consecutively. The trial court merged the gun specifications and ordered that Lowery serve the associated three-year term consecutive to the robbery sentences. The trial court also sentenced Lowery to one year for the weapons under a disability charge, which Lowery was to serve concurrently with his other sentences. In total, the trial court sentenced Lowery to a prison term of eleven years.

{¶ 4} Lowery timely appealed his convictions. And the trial transcript was filed in his direct appeal on March 7, 2007. This Court affirmed Lowery's conviction and sentence on December 7, 2007. See *State v. Lowery*, Montgomery

App. No. 21879, 2007-Ohio-6608.

{¶ 5} On May 5, 2010, approximately two years and two months after the transcript was filed in Lowery's direct appeal, Lowery filed a petition for post-conviction relief. In his petition, Lowery alleged that his indictment was defective. The trial court denied Lowery's petition on July 13, 2010. The trial court ruled that Lowery's petition was untimely filed and that Lowery was not unavoidably prevented from discovering the alleged defects in his indictment.

{¶ 6} Lowery appeals and asserts the following assignments of error: I. "The judgement [sic] entered by the trial court and the Indictment returned by the Grand Jury null and void for lack of Subject Matter Jurisdiction and for failure to charge as defined by state statue [sic] an Aggravated Robbery offense, when it failed to identify or name any 'victim' in the purposed [sic] Indictment." (Underlining sic). II. "The Judgement [sic] entered by the trial court and the Indictment returned by the Grand Jury are null and void for lack of Subject Matter Jurisdiction and for failure to charge as defined by State statue [sic] and Aggravated Robbery offense, when it failed to include, in the Indictment, a 'Theft offense.'" (Underlining sic). III. "The State violated the Constitutional Ban against 'Double Jeopardy' when it charged and convicted Appellant, in counts three (3) and four (4) of the purposed [sic] Indictment, with two (2) identical Aggravated Robbery offenses, causing indictment [sic] to suffer from 'multi-plicity.'" (Underlining sic). And, IV. "Montgomery County Common Pleas court erred when it denied Appellants [sic] 'Petition for Post-Conviction Relief.'"

II

{¶ 7}   Initially, we note that "[a]buse of discretion is the most prevalent standard [of review] for reviewing the dismissal of a petition for post-conviction relief without a hearing." *State v. Goldick*, Montgomery App. No. 23690, 2010-Ohio-4394, at ¶9 (second alteration sic), quoting *State v. Hicks*, Highland App. No. 09CA15, 2010-Ohio-89, at ¶10.   An abuse of discretion connotes more than a mere error of judgment; it implies that the court's attitude is arbitrary, unreasonable, or unconscionable.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶ 8}   We begin our analysis of Lowery's claims with an overview of the time period for filing a petition for post-conviction relief.  We will then turn to Lowery's specific assignments of error.

A

{¶ 9}   The time period to file a petition for post-conviction relief is governed by R.C. 2953.21(A)(2), which provides: "Except as otherwise provided in section 2953.23 of the Revised Code, a petition [for post-conviction relief] shall be filed no later than one hundred eighty [180] days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]"

{¶ 10}   "This provision [i.e., R.C. 2953.21(A)(2)] denies the common pleas courts jurisdiction to adjudicate the merits of an untimely petition, with but one narrow exception."  *State v. Harden*, Montgomery App. No. 20803, 2005-Ohio-5580, at ¶9.   R.C. 2953.23(A) sets forth this "narrow exception," and it provides, in relevant part, as follows: "Whether a hearing is or is not held on a

petition filed pursuant to [R.C. 2353.21], a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless * * * (1) Both of the following apply (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in [R.C. 2953.21(A)(2)] or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right. [And] (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted[.]"

{¶ 11} Here, Lowery filed his petition more than 180 days after the date on which the trial transcript was filed in the court of appeals in his direct appeal. The transcript in his direct appeal was filed on March 7, 2007. Therefore, Lowery's petition was due no later than September 3, 2007. Lowery's May 5, 2010 filing was clearly outside the 180-day window provided by R.C. 2953.21(A)(2).

{¶ 12} Additionally, Lowery has not satisfied the requirements to qualify for the exception to the 180-day time period. Lowery has failed to show that he was unavoidably prevented from discovery of the facts upon which he must rely to present his claim for relief. Moreover, Lowery has not identified a new federal or state right that applies retroactively to his situation. Thus, Lowery's petition for

post-conviction relief was untimely.

{¶ 13} Lowery, however, asserts that the trial court's lack of subject matter jurisdiction may be raised at any time. We now turn to Lowery's claim that he can assert the trial court's alleged lack of subject matter jurisdiction in his untimely-filed petition.

B

{¶ 14} We will address Lowery's first three assignments of error together. Lowery bases his first, second, and third assignments of error on alleged defects in counts three and four of his indictment, which were both aggravated robbery counts. In his first and second assignments of error, Lowery claims the aggravated robbery counts were defective because they each failed to identify a victim and to charge a theft offense. In his third assignment of error, Lowery claims that counts three and four of the indictment are defective because they are "identical." Appellant's Brief at 6. Therefore, according to Lowery, the indictment suffered from "multiplicity," and as a result, Lowery claims he faced unconstitutional double jeopardy.

{¶ 15} Lowery relies on *State v. Cimpritz* (1953), 158 Ohio St. 490, and he argues that the defects in his indictment rendered his judgments of conviction void, which left the trial court without jurisdiction to convict him. Thus, according to Lowery, because subject matter jurisdiction can be raised at any time, he can raise it in his untimely petition for post-conviction relief. Lowery's argument is misplaced.

{¶ 16} In *Cimpritz*, the Supreme Court of Ohio held that "[a] judgment of

conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding." Id. at paragraph six of the syllabus.

{¶ 17} The Court, however, later clarified the holding in *Cimpritz*. In *State v. Wozniak* (1961), 172 Ohio St. 517, the Court stated: "As stated in paragraph six of the syllabus of [*Cimpritz*], 'an indictment,' such as that in the instant case, 'which does not charge an offense is void * * * and may be successfully attacked * * * by a collateral proceedings [sic].' However, after a judgment of conviction for the crime sought to be charged in such indictment, such a collateral attack would no longer be effective because the judgment of conviction necessarily binds a defendant, where the court rendering it had jurisdiction of the person of the defendant and also jurisdiction of the subject matter, i. e., jurisdiction to try the defendant for the crime for which he was convicted. *Such a judgment of conviction is necessarily binding as between the state and the defendant and can only be set aside by a direct and not a collateral attack.*" Id. at 522-23 (emphasis added). See, also, *Midling v. Perrini* (1968), 14 Ohio St.2d 106, 107 ("[T]he Cimpritz [sic] case involved a direct appeal from the judgment of conviction and not a collateral attack on such a judgment. Hence, it would have been sufficient to use the word 'voidable' instead of 'void' in [paragraph six of the syllabus]. Also, no question with respect to a collateral attack was involved in the case, so that any statement with respect thereto may be disregarded.").

{¶ 18} Thus, even assuming there was a defect in Lowery's indictment, he

cannot raise the issue "at any time" based on the trial court's alleged lack of subject matter jurisdiction. Lowery raises no argument that the trial court lacked either personal jurisdiction over him or jurisdiction to try him for the crime for which he was convicted.

{¶ 19} Therefore, Lowery cannot raise the trial court's alleged lack of subject-matter jurisdiction, based on an allegedly defective indictment, in an untimely petition for post-conviction relief. See *State v. Chattams*, Butler App. No. CA2009-01-011, 2009-Ohio-6172, at ¶16. Lowery's attempt to raise the issue of a defective indictment, after the expiration of the time period to file a petition for post-conviction relief, must fail. As detailed above, Lowery's petition was untimely filed, and his petition does not qualify for an exception to the 180-day time period to file his petition.

{¶ 20} Additionally, Lowery's arguments that his indictment was defective are barred by the doctrine of res judicata. "The doctrine of *res judicata* establishes that 'a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal *from that judgment,* any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.'" *State v. D'Ambrosio* (1995), 73 Ohio St.3d 141, 143, quoting *State v. Perry* (1967), 10 Ohio St.2d 175, 180 (emphasis sic). Thus, "[p]ostconviction review is a narrow remedy, because res judicata bars any claim that was or could have been raised at trial or on direct appeal." *State v. Dean*, 187 Ohio App.3d 495, 498, 2010-Ohio-1684, at ¶11.

{¶ 21} Whether an indictment is defective is an issue that could have been raised on direct appeal. Lowery did not challenge the sufficiency of his indictment at trial or on direct appeal. Therefore, res judicata bars Lowery's attempt to raise the issue of a defective indictment in his petition for post-conviction relief. See *State v. Tucker*, Montgomery App. No. 23408, 2010-Ohio-2642, at ¶6 ("Whether the indictment was defective is an issue that could have been raised by Defendant in his direct appeal. It was not. Therefore, res judicata bars Defendant from now raising that issue as a ground for post-conviction relief.").

{¶ 22} Thus, Lowery's petition for post-conviction relief was untimely. Additionally, Lowery's arguments are barred by the doctrine of res judicata. Accordingly, we overrule Lowery's first, second, and third assignments of error.

C

{¶ 23} In his fourth assignment of error, Lowery argues that the trial court erred when it dismissed Lowery's petition as untimely. Lowery argues that his direct appeal was still pending when the 180-day time period under R.C. 2953.21(A)(2) expired. The transcript for Lowery's direct appeal was filed on March 7, 2007, and 180 days from that date was September 3, 2007. This Court affirmed Lowery's conviction on December 7, 2007. Presumably, Lowery claims that the time period for filing his petition for post-conviction relief should have been tolled while his direct appeal was pending.

{¶ 24} Lowery provides no authority that the pendency of a direct appeal somehow tolls the time period to file a petition for post-conviction relief. In fact, R.C. 2953.21(C) specifically provides that "[t]he [trial] court shall consider a petition

that is timely filed under division (A)(2) of this section *even if a direct appeal of the judgment is pending.*"   (Emphasis added).

{¶ 25} In any event, Lowery's argument is moot because, even assuming the 180-day time period was tolled until December 7, 2007, Lowery's petition was still untimely.   Lowery filed his petition for post-conviction relief on May 5, 2010, which was well over 180 days after this Court decided Lowery's direct appeal on December 7, 2007.   See *State v. Roberson*, Stark App. No. 2009CA00316, 2010-Ohio-3702, at ¶14 ("Assuming, arguendo, we accept Appellant's suggestion he was unavoidably prevented from being able to raise this claim within the 180 day time limit while his direct appeal was still pending, his direct appeal was denied on April 9, 2001.   Therefore, even had we found the 180-day time limit was tolled during the pendency of the direct appeal, Appellant's attempt to raise the issue in 2009, is still far beyond 180 day time limit restarting April 9, 2001.   We find the trial court correctly ruled Appellant's petition was untimely.")

{¶ 26} Thus, the trial court correctly denied Lowery's petition for post-conviction relief as untimely.   And we overrule Lowery's fourth assignment of error.

III

{¶ 27} In conclusion, having overruled all of Lowery's assignments of error, we affirm the judgment of the Montgomery County Court of Common Pleas.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

(Hon. Roger L. Kline, Fourth District Court of Appeals, sitting by assignment of the

Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Johnna M. Shia
Charles B. Lowery
Hon. Dennis J. Langer