[Cite as *State v. Lowery*, 2011-Ohio-3287.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                      :

    Plaintiff-Appellee          :     C.A. CASE NO. 24332

vs.                                :     T.C. CASE NO. 06-CR-159

                                :     (Criminal Appeal from

CHARLES B. LOWERY                        Common Pleas Court)

    Defendant-Appellant         :

. . . . . . . . .

O P I N I O N

Rendered on the 30th day of June, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Johnna M. Shia, Atty Reg. No. 0067685, Assistant Prosecuting Attorney, P.O. Box 937, 301 West Third Street, Dayton, OH 45422
    Attorneys for Plaintiff-Appellee

Charles B. Lowery, #A536-057, Warren County Correctional Institution, P.O. Box 120, State Route 63, Lebanon, OH 45036
    Defendant-Appellant, Pro Se

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Charles B. Lowery, appeals from a final order denying Lowery's request to modify his prison sentences.

{¶ 2} Lowery was found guilty in 2006 of two counts of aggravated robbery, R.C. 2911.01(A)(2), following a jury trial. The trial court imposed mandatory prison terms of four years for

those first degree felony sentences, to be served consecutively. We affirmed Lowery's convictions and the sentences they involved on direct appeal. *State v. Lowery*, Montgomery App. No. 21879, 2007-Ohio-6608.

{¶ 3} On or about October 20, 2010, Lowery sent a letter to the trial court, asking the court to modify his two sentences for aggravated robbery. Lowery attached to the letter an excerpt from a transcript of his sentencing hearing, in which the court expressed concern over the "escalating pattern of seriousness and dangerousness" portrayed by Lowery's criminal conduct. The court made reference to a presentence investigation report indicating that Lowery had two prior felony convictions; a 1989 conviction for receiving stolen property and a 1990 conviction for aggravated burglary. Because of those prior felony one and two convictions, the court imposed mandatory prison terms for his two aggravated robbery offenses.

{¶ 4} In his letter, Lowery contended that the presentence investigation report on which the court relied was incorrect. Lowery alleged that his 1989 conviction was on a reduced charge of unauthorized use of a motor vehicle, R.C. 2913.03, which in 1989 was not a felony but a first degree misdemeanor. Lowery asked "that you will resentence me, if only to run the two (2) four (4) year sentences together."

{¶ 5} The trial court treated Lowery's request as a motion, which the court denied. The court found that Lowery and his counsel had been afforded an opportunity to review the presentence investigation report prior to sentencing, pursuant to R.C. 2951.03(B)(2), but did not then object that the contents of the report were incorrect. The court further found that it lacked jurisdiction to modify Lowery's two sentences because they are valid sentences which have been executed. Lowery filed a notice of appeal from the trial court's judgment.

**ASSIGNMENT OF ERROR**

{¶ 6} "TRIAL JUDGE ENTERED FALSE INFORMATION AT SENTENCING AND ALLOWED IT TO BE SOLE REASON FOR SENTENCE GIVEN."

{¶ 7} The two aggravated robbery offenses of which Lowery was convicted are first degree felonies. R.C. 2911.01(A)(2), (C). If a court elects or is required to impose a prison term for a first degree felony offense, the court is authorized to impose a term of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1).

{¶ 8} The four year terms the court imposed are well within, and are in fact on the lower end, of the sentencing range authorized by R.C. 2929.14(A)(1). Those sentences are clearly not contrary to law. Therefore, on direct review of convictions in which those sentences were imposed, we may reverse Defendant's sentences only

on a finding that the court abused its discretion when it imposed those sentences. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912.

{¶ 9} Absent specific statutory authority, the trial court lacked jurisdiction to modify Defendant's valid, executed prison sentence, *State v. Hayes* (1993), 86 Ohio App.3d 110; *State v. Addison* (1987), 40 Ohio App.3d 7, especially after this court had affirmed Defendant's sentence. *State v. Young*, Montgomery App. No. 20813, 2005-Ohio-5584. The trial court correctly overruled Defendant's motion to modify his sentence for that reason.

{¶ 10} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.

Fain, J. and Froelich, J. concur.

Copies mailed to:

Johnna M. Shia, Esq.
Charles B. Lowery
Hon. Dennis J. Langer