[Cite as *State v. Lowery*, 2013-Ohio-3938.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                 :        C.A. CASE NO.    25690

v.                                     :        T.C. NO.    06CR159

CHARLES B. LOWERY                      :        (Criminal appeal from
                                                Common Pleas Court)

    Defendant-Appellant               :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___13th___ day of ____September____, 2013.

. . . . . . . . . .

APRIL F. CAMPBELL, Atty. Reg. No. 0089541, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHARLES B. LOWERY, #A536-057, Ross Correctional Institute, P. O. Box 7010, Chillicothe, Ohio 45601
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**   Defendant-appellant Charles B. Lowery, pro se, appeals a decision of the

Montgomery County Court of Common Pleas, Criminal Division, overruling his "motion for entry of default judgment" and his "motion for summary judgment." Lowery filed a timely notice of appeal with this Court on March 22, 2013.

{¶ 2} Lowery was found guilty in 2006 of two counts of aggravated robbery, R.C. 2911.01(A)(2), following a jury trial. The trial court imposed mandatory prison terms of four years on each count, to be served consecutively. We affirmed Lowery's convictions and the sentences they involved on direct appeal. *State v. Lowery*, 2d Dist. Montgomery No. 21879, 2007-Ohio-6608.

{¶ 3} On May 5, 2010, Lowery filed a petition for post-conviction relief alleging that his indictment was defective and that convicting him of two identical aggravated robbery offenses constituted double jeopardy. The trial court overruled his petition, finding that it was untimely. We affirmed the judgment of the trial court, finding that Lowery's petition was untimely. *State v. Lowery*, 2d Dist. Montgomery No. 24198, 2011-Ohio-2827. We also found that Lowery could not collaterally attack his conviction and that his argument was barred by res judicata. *Id*.

{¶ 4} On October 20, 2010, Lowery sent a letter to the trial court, asking the court to modify his two sentences for aggravated robbery. The trial court treated Lowery's request as a motion, which the court denied. The court found that Lowery and his counsel had been afforded an opportunity to review the pre-sentence investigation report prior to sentencing, pursuant to R.C. 2951.03(B)(2), but did not then object that the contents of the report were incorrect. The court further found that it lacked jurisdiction to modify Lowery's sentence because it is a valid sentence which has been executed. Lowery filed a notice of

appeal from the trial court's judgment. We affirmed the decision of the trial court in *State v. Lowery*, 2d Dist. Montgomery No. 24332, 2011-Ohio-3287.

{¶ 5} On December 4, 2012, Lowery filed a motion for default judgment in the trial court, asserting again that his indictment was defective. Lowery filed a supplement to his motion for default judgment on December 19, 2012. On January 14, 2013, the State filed its response to Lowery's motion in which it argued that the issues raised were barred by res judicata. Lowery responded by filing a "motion for summary judgment, contempt, and default." In an entry filed on February 27, 2013, the trial court overruled Lowery's motions.

{¶ 6} It is from this judgment that Lowery now appeals.

{¶ 7} Because they are interrelated, Lowery's three assignments of error will be discussed together as follows:

{¶ 8} "TRIAL COURT AND COUNTY CONSPIRED AGAINST APPELLANT'S CONSTITUTIONAL RIGHTS AS TO U.S.C.S. 18 §241."

{¶ 9} "STATE PRESENTED APPELLANT WITH AN UNCONSTITUTIONALLY CONSTRUCTED INSTRUMENT, TO WIT: 'DEFECTIVE INDICTMENT.'"

{¶ 10} "TRIAL COURT VIOLATED BAN AGAINST 'DOUBLE JEOPARDY' WHEN IT TRIED, CONVICTED, AND SENTENCED APPELLANT ON TWO (2) IDENTICAL AGG. ROBBERY'S [sic]."

{¶ 11} With respect to Lowery's first, second, and third assignments of error, we thoroughly addressed identical arguments in *State v. Lowery*, 2d Dist. Montgomery No. 24198, 2011-Ohio-2827. In that opinion, we found that Lowery's petition for

post-conviction was untimely filed. We also found that Lowery could not collaterally attack his conviction and that his argument was barred by res judicata. *Id*. Accordingly, insofar as Lowery raises the same arguments in the instant appeal, we have already addressed these issues and found that they lack merit. *Id*. Thus, we need not address the same arguments again in the instant appeal because they are clearly barred by the doctrine of res judicata.

**{¶ 12}** Lastly, Lowery argues that the State failed to respond to his motion for default judgment. The record, however, clearly establishes that the State filed a response to Lowery's motion for default judgment on January 14, 2013. In any event, this argument would not be grounds for reversal or re-sentencing.

**{¶ 13}** All of Lowery's assignments of error are overruled.

**{¶ 14}** All of Lowery's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.

Copies mailed to:

April F. Campbell
Charles B. Lowery
Hon. Dennis J. Langer