[Cite as *State v. Lowery*, 2014-Ohio-3951.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26170 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2006-CR-159 |
| v. | : | |
| | : | |
| CHARLES B. LOWERY | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the     12th     day of     September     , 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
    Attorneys for Plaintiff-Appellee

CHARLES B. LOWERY, #A536-057, Mansfield Correctional Institution, Post Office Box 788, Mansfield, Ohio 44901
    Defendant-Appellant*, pro se*

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Charles B. Lowery appeals pro se from the trial court's denial of his post-conviction  "motion for disclosure of writtin (sic) and oral evidensial (sic) items" and "motion for entry of default notice."

{¶ 2} The record reflects that Lowery was convicted in 2006 on two counts of aggravated robbery, one count of having a weapon while under disability, and related firearm specifications. He received an aggregate eleven-year prison sentence. This court affirmed on direct appeal, rejecting arguments about the weight of the evidence and the sentence imposed. *See State v. Lowery*, 2d Dist. Montgomery No. 21879, 2007-Ohio-6608. Thereafter, Lowery filed a pro se motion to modify his sentence. The trial court denied the motion, and this court affirmed. *See State v. Lowery*, 2d Dist. Montgomery No. 24332, 2011-Ohio-3287. Lowery also filed a pro se petition for post-conviction relief, arguing among other things that defects in his indictment deprived the trial court of jurisdiction to convict him. The trial court denied the petition, and this court affirmed. *See State v. Lowery*, 2d Dist. Montgomery No. 24198, 2011-Ohio-2827. Assuming, purely arguendo, that Lowery's indictment was defective, this court reasoned that such defects did not deprive the trial court of jurisdiction. This court further found that Lowery's petition was untimely and that arguments about defects in his indictment were barred by res judicata because they could have been raised on direct appeal. *Id*. at ¶17-20. Lowery then filed in the trial court a pro se motion for default judgment and motion for summary judgment, again challenging his indictment. The trial court overruled the motions, and this court affirmed. *See State v. Lowery*, 2d Dist. Montgomery No. 25690, 2013-Ohio-3938. In a brief opinion, this court noted that it previously had rejected the same arguments and it did so again on the basis of res judicata.

{¶ 3} Thereafter, Lowery filed in the trial court a pro se January 22, 2014 "appearance brief in the nature of judicial notice." (Doc. #2). Although this document is difficult to follow, it challenges the validity of Lowery's indictment and seeks dismissal of all charges. On February 12, 2014, Lowery filed a pro se "motion for disclosure of writtin (sic) and oral evidensial (sic)

items." (Doc. #3). This filing cites Crim.R. 16 and requests disclosure of the following items: "Indictment; provisioned by law," "Proper Legal Claim," and "[a]ny other legal materials required by law." The body of this motion makes an unspecified challenge to the validity of Lowery's indictment. Finally, on March 3, 2014, Lowery filed his pro se "motion for entry of default notice." (Doc. #4). Although this motion also is difficult to follow, it vaguely challenges his indictment and requests a proper charging instrument. The trial court summarily overruled Lowery's motions on March 17, 2014. (Doc. #6).

{¶ 4} Lowery advances two assignments of error on appeal. The first contests the trial court's denial of his motion for disclosure of written and oral evidential items. The second addresses the denial of his motion for default. In connection with both assignments of error, Lowery maintains that his indictment "fails to satisfy the provisions provided by and through the U.S. Constitution, Ohio Revised Code, and Criminal Rules of Procedure." (Appellant's brief at 1). He asserts that he "has attempted, on numerous occasions, to get the court to correct its error[.]" (*Id.*).

{¶ 5} Upon review, we see no error in the trial court's denial of Lowery's motions. By his own admission, he repeatedly has challenged the validity of his indictment. This court previously rejected that challenge and found further consideration of the issue barred by res judicata. No matter how persistently Lowery challenges his indictment, the fact remains that res judicata applies, [1] we have previously decided the issue and cannot address it again. Accordingly, his assignments of error are overruled.

---

[1] Having found res judicata applicable, we need not address the State's argument that Lowery's filings constituted an untimely and impermissibly successive petition for post-conviction relief.

[Cite as *State v. Lowery*, **2014-Ohio-3951.**]
{¶ 6} The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Charles B. Lowery
Hon. Dennis J. Langer