[Cite as *State v. Jennings*, 2020-Ohio-4766.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-84 |
| | : | |
| v. | : | Trial Court Case No. 2012-CR-845 |
| | : | |
| LEMARR JENNINGS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 2nd day of October, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

LEMARR JENNINGS, Inmate No. 678-848, North Central Correctional Complex, P.O. Box 1812, Marion, Ohio 43302
      Defendant-Appellant, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Lemarr Jennings, appeals pro se from the judgment of the Clark County Court of Common Pleas dismissing his motion for relief from judgment. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On January 22, 2013, Jennings pled guilty to one count of possessing cocaine, one count of possessing heroin, and one count of having a weapon while under disability. The trial court accepted Jennings' guilty plea and sentenced him to a total, aggregate term of 20 years in prison. The trial court also suspended Jennings' driver's license for five years, ordered the forfeiture of certain property, and required Jennings to pay a fine and court costs. Following an appeal, this court affirmed Jennings' conviction in *State v. Jennings*, 2d Dist. Clark No. 2013 CA 60, 2014-Ohio-2307.

{¶ 3} On November 5, 2019, five years after his direct appeal, Jennings filed a pro se motion for relief from judgment. In the motion, Jennings claimed that his conviction was void and should be vacated because: (1) at his plea hearing, he never specifically stated on the record that he was entering a guilty plea; and (2) the grand jury foreman failed to sign the true bill attached to his indictment. Construing Jennings' motion as a petition for post-conviction relief, the trial court issued a judgment on November 21, 2019, dismissing the motion on the ground that the claims raised therein were barred by the doctrine of res judicata. Jennings now appeals from that judgment, raising two assignments of error for review.

## First Assignment of Error

{¶ 4} Under his first assignment of error, Jennings contends that the trial court erred by dismissing his motion because his conviction was void as a result of his not entering a guilty plea at his plea hearing. Specifically, Jennings claims that responding: "Yes, sir," to the trial court's question: "Are you pleading guilty voluntarily?" was insufficient to enter a guilty plea and warrants vacating his conviction. Upon review, we find that Jennings' argument fails for several reasons, which we have outlined below.

*(1) Jennings' motion is an untimely petition for post-conviction relief that the*

*trial court lacked jurisdiction to consider.*

{¶ 5} As a preliminary matter, we note that the trial court properly construed Jennings' motion for relief from judgment as a petition for post-conviction relief. This is because Jennings' motion was filed subsequent to his direct appeal and sought to have his conviction vacated based on a constitutional claim relating to the validity of his guilty plea. *See State v. Housley*, 2d Dist. Miami No. 2019-CA-12, 2020-Ohio-1143, ¶ 15, citing *State v. Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997) ("When a motion is filed subsequent to a direct appeal * * *, claims the denial of constitutional rights, seeks to render the judgment of conviction void, and asks for vacation of the judgment and sentence, the motion is properly construed as a petition for post[-]conviction relief.").

{¶ 6} When, as in this case, a direct appeal from a conviction has been taken, a petition for post-conviction relief must be filed no later than 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" R.C. 2953.21(A)(2). A trial court lacks jurisdiction to consider an untimely petition for post-conviction relief, unless the untimeliness is excused

under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012-CA-33, 2013-Ohio-1921, ¶ 16.

{¶ 7} "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right." *State v. Baker*, 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 13. "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty." *Id.*, citing R.C. 2953.23(A)(1)(b).

{¶ 8} In this case, Jennings' petition for post-conviction relief was filed over 5 years after the trial transcript was filed as part of his direct appeal. At no point did Jennings argue that the untimeliness of his petition was excused under R.C. 2953.23(A). However, even if Jennings had made such an argument, it would have failed, because the record indicates that Jennings was not unavoidably prevented from discovering the facts underlying the claim concerning his guilty plea. The pertinent facts concerning that claim were apparent from the record of the plea hearing. The claim concerning Jennings' guilty plea is also not based on any new federal or state right. Therefore, the untimeliness of Jennings' petition for post-conviction relief was not excused under R.C. 2953.23(A), which means that the trial court lacked jurisdiction to consider the petition.

*(2) Jennings' claim is barred by the doctrine of res judicata.*

{¶ 9} In addition to being untimely, Jennings' claim concerning his guilty plea was also barred by the doctrine of res judicata. "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. " 'When a petitioner seeks post[-]conviction relief on an issue that was raised or could have been raised on direct appeal, the petition is properly denied by the application of the doctrine of res judicata.' " *State v. Dixon*, 2d Dist. Montgomery No. 27991, 2019-Ohio-230, ¶ 17, quoting *State v. Jennison*, 5th Dist. Coshocton No. 2015-CA-0003, 2015-Ohio-3204, ¶ 9, citing *State v. Tucker*, 8th Dist. Cuyahoga No. 84595, 2005-Ohio-109, ¶ 11. (Other citation omitted.)

{¶ 10} Here, Jennings' claim concerning his alleged failure to enter a guilty plea would have been apparent from the record of his plea hearing. Jennings, therefore, could have raised the claim in the direct appeal from his conviction. Because he failed to do so, res judicata now bars Jennings from raising the claim five years later in his petition for post-conviction relief.

*(3) Jennings entered a guilty plea on the record.*

{¶ 11} A review of the plea hearing transcript reveals that the trial court complied with all the requirements under Crim.R. 11 for accepting a valid guilty plea. At the plea hearing, the trial court specifically asked Jennings: "Are you pleading guilty voluntarily?" to which Jennings responded, "Yes, sir." Plea Hearing Tr. p. 6. Jennings argues that his response was insufficient to enter a guilty plea because he never uttered the word

"guilty." However, this court can find no authority for the proposition that a defendant must use any specific language when entering a guilty plea. Upon review, we find that Jennings' responses to the trial court's questions at the plea hearing sufficiently indicated that he was entering a guilty plea to one count of possessing cocaine, one count of possessing heroin, and one count of having a weapon while under disability. This conclusion is supported by the fact that Jennings signed a plea form the same day as the plea hearing stating that he was entering a guilty plea to the aforementioned charges.

{¶ 12} For all the foregoing reasons, Jennings' first assignment of error is overruled.

**Second Assignment of Error**

{¶ 13} Under his second assignment of error, Jennings contends that the trial court should have granted his motion for relief from judgment and vacated his conviction due to a defect in his indictment. Specifically, Jennings claims that his indictment was defective because the grand jury foreman failed to sign the true bill. Jennings believes that such a defect rendered his conviction void. We disagree.

{¶ 14} Despite Jennings' claim otherwise, the record indicates that the grand jury foreman signed the true bill attached to Jennings' indictment. *See* Indictment (Dec. 17, 2012). However, even if there were a defect in the indictment, it is well settled that "a guilty plea waives the right to claim error rising from a defective indictment." *State v. Boyle*, 2d Dist. Greene No. 2018-CA-12, 2018-Ohio-3284, ¶ 8, citing *State v. Barton*, 108 Ohio St.3d 402, 2006-Ohio-1324, 844 N.E.3d 307, ¶ 73. Therefore, because Jennings entered a guilty plea to the charges in question, he waived his right to challenge any

defect in the indictment.

**{¶ 15}** Furthermore, "the question of whether an indictment is defective is a matter that is only capable of being raised on direct appeal." *Id.* at ¶ 9, citing *State v. Lowery*, 2d Dist. Montgomery No. 24198, 2011-Ohio-2827, ¶ 21. "This court has held that the issue of the sufficiency of an indictment must be raised on direct appeal and cannot be addressed in a collateral attack." *Id.*, citing *State v. Howe*, 2d Dist. Montgomery No. 23423, 2010-Ohio-1621, ¶ 20. (Other citation omitted.) Since Jennings failed to challenge the sufficiency of the indictment during the trial court proceedings or on direct appeal, the issue concerning the alleged defect in the indictment was barred by the doctrine of res judicata. *See id.*, citing *Lowery* at ¶ 21, citing *State v. Tucker*, 2d Dist. Montgomery No. 23408, 2010-Ohio-2642, ¶ 6.

**{¶ 16}** For the foregoing reasons, Jennings' second assignment of error is overruled.

### Conclusion

**{¶ 17}** Having overruled both assignments of error raised by Jennings, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and HALL, J., concur.

Copies sent to:

John M. Lintz
Lemarr Jennings
Hon. Douglas M. Rastatter