[Cite as *State v. Wright*, 2021-Ohio-610.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

|                          |   |                              |
|--------------------------|---|------------------------------|
| STATE OF OHIO            | : |                              |
|                          | : |                              |
|     Plaintiff-Appellee | : | Appellate Case No. 2020-CA-33 |
|                          | : |                              |
| v.                       | : | Trial Court Case No. 1998-CR-364 |
|                          | : |                              |
| TIMOTHY D. WRIGHT        | : | (Criminal Appeal from        |
|                          | : | Common Pleas Court)          |
|     Defendant-Appellant | : |                              |
|                          | : |                              |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of March, 2021.

. . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

TIMOTHY D. WRIGHT, #A372-201, P.O. Box 57, Marion, Ohio 43302
    Defendant-Appellee, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Timothy D. Wright appeals pro se from the trial court's judgment overruling his "motion for resentencing."

{¶ 2} Wright advances two assignments of error. First, he contends the trial court erred in overruling his motion to be resentenced. Second, he claims the trial court erred in "allowing an indictment which violated [his] rights to notice and his rights to be protected from double jeopardy."

{¶ 3} The record reflects that Wright was convicted in 1999 on two counts of abduction, one count of aggravated assault, one count of corruption of a minor, one count of felonious sexual penetration, five counts of gross sexual imposition, and four counts of rape. This court affirmed his conviction on direct appeal in *State v. Wright*, 2d Dist. Clark No. 99CA0011, 2000 WL 679142 (May 26, 2000). Wright unsuccessfully sought various forms of post-conviction relief, including a motion to modify sentence, a motion to vacate judgment, a motion for judicial release, and a motion to arrest judgment. Most recently, Wright filed his motion for resentencing on July 6, 2020. Therein, he argued that the jury's verdict forms were defective, that allied offenses existed, and that his indictment was defective. For these reasons, he alleged the existence of a void final judgment and requested resentencing. The trial court summarily overruled the motion. This appeal followed.

{¶ 4} In his first assignment of error, Wright contends his sentence is void because the jury's verdict forms did not comport with R.C. 2945.75(A)(2). He also asserts that rape and gross sexual imposition were allied offenses of similar import. In his second assignment of error, Wright claims he was indicted on multiple undifferentiated counts of

rape and gross sexual imposition. He claims the indictment, a bill of particulars, the jury instructions, and the verdict forms failed to distinguish these "carbon copy" charges in any way. He argues that the indictment violated double jeopardy or due process and failed to give him adequate notice of the conduct at issue in each charge. Although Wright did not object to the indictment below, he claims plain error.

{¶ 5} Upon review, we see no error in the trial court's overruling of Wright's motion for resentencing. To the extent that the motion in substance sought post-conviction relief for constitutional violations, it was governed by R.C. 2953.21. Under that statute, Wright's motion was untimely because he did not file it within 365 days after the filing of his trial transcript in his direct appeal. R.C. 2953.21(A)(2).[1] In order to file a late petition, Wright was required to establish, among other things, that he was "unavoidably prevented" from discovering the facts upon which his claims relied. R.C. 2953.23(A).

{¶ 6} Wright was not unavoidably prevented from timely discovering the facts supporting his motion for resentencing, and he does not suggest otherwise. Most of his arguments address the contents of his indictment and the jury's verdict forms, which have been available since 1999. He also briefly raises an allied-offense argument. But the facts supporting that claim also would have been known at the time of his 1999 trial and sentencing. In any event, regardless of how we characterize Wright's motion and regardless of any timeliness problems, res judicata applies. Wright's arguments all could have been raised on direct appeal because they did not depend on any evidence outside of the trial record.

---

[1] At the time of Wright's convictions, the time limit for filing a petition for post-conviction relief was only 180 days after the filing of the direct appeal transcript.

{¶ 7} In order to overcome the foregoing deficiencies, Wright alleges voidness. But the issues he raises would not render the jury's verdict or his sentence void. With regard to the verdict forms, Wright cites R.C. 2945.75(A)(2), which provides that "[w]hen the presence of one or more additional elements makes an offense one of more serious degree: * * * [a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." It is not readily apparent how this statute had any applicability in Wright's case. But even if it did apply, a verdict form's failure to state the degree of the offense or to state an additional element does not render a sentence void. Any error in failing to comply with R.C. 2945.75(A)(2) might make a sentence voidable, but not void. Therefore, res judicata applies. *State v. Evans*, 2d Dist. Montgomery No. 26574, 2015-Ohio-3161, ¶ 11.

{¶ 8} A failure to merge allied offenses, or to make any finding on the issue, likewise does not render a sentence void. *State ex rel. Romine v. McIntosh*, Ohio Slip Opinion No. 2020-Ohio-6826, __ N.E.3d __, ¶ 12-15. Therefore, the issue must be raised on direct appeal, and res judicata applies. *Id.*

{¶ 9} Finally, Wright's complaint about "carbon copy" counts in his indictment fails to overcome res judicata. A claim that multiple counts in an indictment were identical does not result in a conviction or sentence being void. *State v. Lowery*, 2d Dist. Montgomery No. 24198, 2011-Ohio-2827, ¶ 14-22. Once again, the issue must be raised on direct appeal, and res judicata applies. *Id.* Contrary to the assertion in Wright's appellate brief, claiming "plain error" does not defeat the doctrine of res judicata. *State v. Dominguez*, 2d Dist. Montgomery No. 26853, 2016-Ohio-5051, ¶ 10.

{¶ 10} For the foregoing reasons, we overrule Wright's assignments of error and affirm the judgment of the Clark County Common Pleas Court.

. . . . . . . . . . . . .

TUCKER, P. J. and DONOVAN, J., concur.

Copies sent to:

Andrew P. Pickering
Timothy D. Wright
Hon. Douglas M. Rastatter