[Cite as *State v. Wynn*, 2011-Ohio-1832.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellee             :       C.A. CASE NO. 24253

vs.                                    :       T.C. CASE NO. 09CR3146/1

KENNETH LAVON WYNN                     :       (Criminal Appeal from
                                               Common Pleas Court)
     Defendant-Appellant            :

. . . . . . . .

O P I N I O N

Rendered on the 15th day of April, 2011.

. . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Johnna M. Shia, Asst. Pros.
Attorney, Atty. Reg. No.0067685, P.O. Box 972, Dayton, OH 45422
     Attorneys for Plaintiff-Appellee

Daniel J. O'Brien, Atty. Reg. No.0031461, 1210 Talbott Tower, 131
N. Ludlow Street, Dayton, OH 45402
     Attorney for Defendant-Appellant

. . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Kenneth Wynn, appeals from his convictions for possession of heroin, R.C. 2925.11(A), and trafficking in heroin, R.C. 2925.03(A)(1), which were entered on Defendant's pleas of no contest in common pleas court Case No. 2009CR3146 after the

court overruled Defendant's Crim.R. 12(C)(3) motion to suppress evidence.

{¶ 2} Defendant was arrested on September 21, 2009, following his flight from police during which Defendant threw down a plastic baggie that officers seized after Defendant's apprehension and arrest. The baggie contained heroin, which Defendant's motion sought to suppress and that formed the basis of Defendant's convictions in Case No. 2009CR3146.

**FIRST ASSIGNMENT OF ERROR**

{¶ 3} "THE TRIAL COURT PREJUDICIALLY ERRED IN NOT SUPPRESSING THE EVIDENCE THAT WAS FRUIT OF THE POISONOUS TREE - THE UNLAWFUL DETENTION OF DEFENDANT AFTER THE TIME AND THE REASON FOR THE STOP HAD ENDED."

{¶ 4} The error assigned pertains to the trial court's decision Case No. 2009CR218, overruling Defendant's motion to suppress evidence seized in a search of Defendant's person on January 20, 2009, at the Montgomery County Jail, following Defendant's arrest on outstanding warrants. Defendant filed "joint" motion to suppress evidence in Case Nos. 2009CR218 and 2009CR3146. The judgment of conviction in Case No. 2009CR3146 is the final order from which the notice of appeal in the case presently before us, Appellate Case No. 24253, was filed. Defendant's conviction in Case No. 2009CR218 is the subject of another appeal, from a notice

of appeal that was separately filed in Appellate Case No. 24252.

{¶ 5} Defendant's first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 6} "THE TRIAL COURT PREJUDICIALLY ERRED IN NOT SUPPRESSING THE EVIDENCE THAT WAS FRUIT OF THE POISONOUS TREE - THE STOP MADE MERELY ON SPECULATION OR A HUNCH."

{¶ 7} Defendant's apprehension and arrest on September 21, 2009, following his flight on foot from police, during which he discarded the baggie of drugs that Defendant's motion sought to suppress, began with an incident in which an officer allegedly saw Defendant sell drugs to another man through the open windows of the two cars in which they sat. At the hearing on Defendant's motion to suppress, the officer testified that he saw Defendant drop what appeared to be heroin capsules into the other man's hand. When the officer approached in his cruiser, Defendant drove off at a high speed.

{¶ 8} After Defendant's vehicle malfunctioned and came to a stop, officers tried to arrest him but Defendant fled on foot. Another officer testified that during the subsequent chase on foot he saw Defendant take a baggie from his pocket and throw it on the ground. After Defendant was subsequently apprehended and arrested, the same officer returned to that location and seized the baggie of drugs he saw Defendant discard.

{¶ 9} In his motion to suppress (Dkt. 15), Defendant argued that the officers lacked a reasonable and articulable suspicion of criminal activity sufficient to justify his seizure and arrest. Because of that, according to Defendant, the "intrusion of (sic) his freedom of movement was unlawful and any evidence resulting from such arrest should be suppressed."

{¶ 10} The State filed a Memorandum contra (Dkt. 25), arguing that Defendant lacks standing to challenge the seizure of the baggie and the drugs it contained because his abandonment of that property operated to relinquish any reasonable expectation of privacy in that property which Defendant had. The State cited and relied on our decision in *State v. DeLoach* (Aug. 11, 2000), Montgomery App.No. 18072.

{¶ 11} The court took evidence on Defendant's motion. Following the hearing, the court filed a written decision (Dkt. 26). With respect to the grounds for suppression which Defendant's motion raised, the court found that when Defendant was seen by an officer selling drugs to another man, that fact created reasonable and articulable suspicion permitting his attempted detention and subsequent arrest. In crediting the officer's testimony, the court found that it was corroborated by the cross-examination testimony of Defendant's witness, Ford. However, the grounds on which the court overruled Defendant's

motion to suppress evidence were that "[p]roperty abandoned during flight from the police is voluntary and cannot be challenged as inadmissible." *Id.*, p. 4.

{¶ 12} On appeal, Defendant argues that the trial court abused its discretion in finding that the substance of Ford's cross-examination testimony corroborated the State's case when it did not. However, that finding was not a part of the basis on which the court overruled Defendant's motion to suppress, which was instead the abandonment theory on which the State relied. Defendant has not addressed that conclusion of law or the findings of fact on which it was based.

{¶ 13} In *DeLoach*, we wrote:

{¶ 14} "When a person abandons property that he owns or possesses, the act of abandonment operates to relinquish any reasonable expectation of privacy he had in the property which the Fourth Amendment protects. *Rawlings v. Kentucky* (1980), 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633. Therefore, property that has been abandoned is outside the prohibition against unreasonable searches and seizures which the Fourth Amendment imposes. *Hester v. United States* (1924), 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898; *Abel v. United States* (1968), 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668." *Id.*, p.1.

{¶ 15} *Hester* announced the "open fields" doctrine and

exception to the Fourth Amendment warrant requirement. As one commentator has noted:

{¶ 16} "The significance of abandoned property in the law of search and seizure lies in the maxim that the protection of the fourth amendment does not extend to it. Thus, where one abandons property, he is said to bring his right of privacy therein to an end, and may not later complain about its subsequent seizure and use in evidence against him. In short, the theory of abandonment is that no issue of search is presented in such a situation and the property so abandoned may be seized without probable cause." Mascole, The Role of Abandonment in the Law of Search and Seizure: An application of a Misdirected Emphasis, 20 Buffalo Law Review, 399, 400-01(1971).

{¶ 17} As the title of the foregoing law review article suggests, the holding in *Hester* has been the subject of criticism and exceptions. The "open fields" rule is a variant of the "plain view" exception to the warrant requirement, in which an officer must lawfully be in a position to discover what he sees in plain view. When property is abandoned in the course of a police pursuit undertaken to effect an illegal detention, is it then reasonable to not suppress evidence of the property that was abandoned? That seems to be the gist of Defendant's argument on appeal.

{¶ 18} That issue was more recently resolved by the United

States Supreme Court in *California v. Hodari D.* (1991), 499 U.S. 621, 113 L.Ed.2d 690, 111 S.Ct. 1547. On similar facts, the Supreme Court held that, even where a police pursuit was not based on reasonable suspicion, cocaine the suspect discarded during the course of the pursuit was not the fruit of a "seizure" within the meaning of the Fourth Amendment, because: (1) an arrest – the quintessential seizure of the person under Fourth Amendment jurisprudence – requires either (a) the application of physical force with lawful authority, or (b) submission to the assertion of authority; (2) the accused had not been touched by the officer at the time he discarded the cocaine; and (3) assuming that the officer's pursuit of the accused constituted a show of authority enjoining the accused to halt, the accused did not comply with that injunction and therefore was not seized until the officer tackled him.

{¶ 19} The facts of the present case align almost exactly with the factors in *Hodari D.* which the Supreme Court cited, with but one exception. In *Hodari D.* there was insufficient reasonable and articulable suspicion to justify the attempted detention by officers from which the defendant fled. In the present case, the officer's belief that he witnessed Defendant sell heroin to another man provided ample suspicion. Defendant challenged the reasonableness of that suspicion, arguing that the officer was

not in a position to see what he said he saw. The trial court rejected that contention, relying, in part, on the cross-examination of Defendant's witness, Ford. Even had the court misconstrued Ford's testimony, a contention with which we do not agree, that would not affect the "abandonment" finding on which the court overruled Defendant's motion to suppress. We see no error in that finding.

{¶ 20} The second assignment of error is overruled. The judgment of the trial court will be affirmed.


FROELICH, J. And BROGAN, J., concur.

(Hon. James A. Brogan, retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Johnna M. Shia, Esq.
Daniel J. O'Brien, Esq.
Hon. Connie S. Price