[Cite as *State v. Roberts*, 2016-Ohio-7327.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2015-CA-104 |
| | : | |
| v. | : | Trial Court Case No. 15-CR-128 |
| | : | |
| AARON J. ROBERTS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 14th day of October, 2016.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

BRIAN A. HICKS, Atty. Reg. No. 0065022, Post Office Box 359, Lebanon, Ohio 45036
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Aaron J. Roberts appeals from his conviction and sentence following a no-contest plea to one count of having a weapon while under disability.

{¶ 2} In his sole assignment of error, Roberts contends the trial court erred in overruling a suppression motion he filed prior to his plea.

{¶ 3} The record reflects that Springfield Police Officer Cody Anderson observed Roberts driving a green pick-up truck on March 4, 2015. Anderson testified at a suppression hearing that he recognized Roberts and knew that Roberts' driver's license had been suspended six to twelve months earlier. Anderson further testified that he pulled behind Roberts and ran Roberts' information through his cruiser's mobile computer. According to Anderson, the computer search confirmed that Roberts' license remained suspended. Anderson then activated his cruiser's overhead lights and initiated a traffic stop. In response, Roberts exited his own vehicle and fled. During an ensuing foot chase, Roberts threw a firearm to the ground. Police ultimately caught Roberts and recovered the firearm. As a result of the foregoing incident, Roberts was charged with having a weapon while under disability, receiving stolen property (the firearm) with a firearm specification, improper handling of a firearm in a motor vehicle, carrying a concealed weapon, and tampering with evidence (discarding the firearm during the foot chase).

{¶ 4} The trial court initially overruled Roberts' suppression motion, finding that Anderson's traffic stop was justified based on his discovery, prior to the stop, that Roberts' license remained suspended. Roberts then entered a no-contest plea to the charge of having a weapon while under disability in exchange for dismissal of the other charges. The parties stipulated to the following recitation of the facts:

> * * * [T]he State would have called Officer Anderson and Officer
> Hobbs to testify that on March 4, 2015, here in Clark County, Ohio that a

traffic stop was performed on Mr. Roberts' vehicle. Officer Anderson then got into a foot chase with Mr. Roberts; and during that foot chase, it would be testified to that Mr. Roberts did, in fact, possess a firearm and did, in fact, try to tamper with evidence in throwing that firearm to the ground so it would not be discovered by the officers.

Officer Hobbs would testify, Your Honor, that in the area of that chase, he was able to locate a firearm that did match a magazine that was also dropped by the Defendant in this matter.

Mr. Roberts cannot possess a firearm due to prior convictions for possession of drugs, all out of Clark County, Ohio, that being 03-CR-975-B, 03-CR-906, and 02-CR-203, Your Honor.

(Plea Tr. at 6-7).

{¶ 5} Prior to making a finding of guilt, the trial court re-opened the suppression issue and allowed Roberts to present additional evidence. In particular, Roberts presented testimony from Springfield Police Lieutenant Brad Moos regarding the computer search allegedly performed by Anderson before commencing the traffic stop. Moos testified that he had reviewed Anderson's portable-data-terminal search results for the day in question and had found no evidence of any search performed on Roberts. Moos testified that if Anderson in fact had conducted a "LEADS" search on Roberts, it would have been reflected on a printout that Moos had reviewed. Therefore, Moos opined that Anderson had not conducted a LEADS check on Roberts through the portable data terminal in Anderson's police cruiser. Based on Moos' testimony, Roberts argued that the traffic stop was unlawful because Anderson lacked reason to believe Roberts' license

remained suspended when Anderson initiated the traffic stop. Therefore, Roberts argued that all evidence seized following the traffic stop, particularly the firearm, was subject to suppression.

{¶ 6} The trial court rejected Roberts' argument. Although it expressed "some concern regarding the probable cause of the stop," the trial court concluded that Roberts subsequently had "abandoned" the firearm during the foot chase and, therefore, lacked standing to challenge its admissibility. (*See, e.g.*, Sept. 15, 2015 Tr. at 3-4). The trial court proceeded to make a finding of guilt on the weapon-under-disability charge to which Roberts had pled no contest. The trial court subsequently imposed a three-year prison sentence. (Judgment Entry, Doc. #31).

{¶ 7} On appeal, Roberts relies on Moos' testimony and insists that Anderson lacked probable cause to make a traffic stop. In connection with this argument, Roberts insists that Anderson's knowledge of his license being suspended six to twelve months earlier was too stale to justify a stop. Thus, according to Roberts, any item seized as a result of the stop normally would be subsect to suppression. Roberts acknowledges, however, when a defendant abandons property, the act of abandonment negates any Fourth Amendment expectation of privacy, meaning that suppression is not required even if the act of abandonment follows an attempted unlawful stop. Roberts insists that this exception does not apply here because he did not "abandon" the firearm. Instead, he reasons that he "tampered with" the firearm when he discarded it. In support, he notes the parties' stipulation of facts above, which referenced him trying to tamper with the firearm. He argues:

This is a completely different scenario than abandonment. In

abandonment, one has relinquished all claim to the property. But in this case, Roberts did not do so. Rather, he attempted to maintain ownership and possession of the weapon, but did so by trying to conceal the weapon from the officer. The attempt to conceal evidence of a crime when one knows that there is a police investigation going on is the definition of tampering with evidence. That is precisely what took place here. Roberts knew, because he was involved in a foot chase with an officer in hot pursuit, that an investigation was underway. He further knew that he was a convicted felon with no right to possess a weapon and that he had a weapon on him. So, his solution was to try to hide the weapon. It is critical to remember that the State and the Defense stipulated that these were the facts. The facts as given and stipulated to the court were that Roberts **tampered with evidence**. No facts were presented by the State that Roberts abandoned the weapon, and the defense did not stipulate that the weapons [sic] were abandoned. There was no testimony that the weapon was abandoned, only an assertion by the prosecutor later when it became apparent that if the case sank or swam on the vehicle stop he had a bad case.

This court, to counsel's knowledge, has never considered the effect of tampering with evidence as to abandonment. However, one cannot tamper with property that you do not have or possess or control. The State indicted for tampering with evidence. The State asserted as its factual basis for the weapon under disability that Roberts tampered with evidence **for the**

**purpose of hiding it**. The State has therefore established that Roberts had no intention of abandoning the property, but was rather tampering with evidence to avoid being caught with it.

Since Roberts was tampering with evidence, and not abandoning the weapon, he in fact was seized and the weapon was seized after he was in their physical control. This search, then, still flows from the illegal stop which had no probable cause, nor even a reasonable **suspicion. As such, it is fruit from the poisonous tree and must be excluded.**

**Without the weapon, there of course is no basis to convict for a weapons under disability. The Motion to Suppress the weapon should have been upheld and the weapon excluded from evidence.**

(Appellant's brief at 9-10).

{¶ 8} Upon review, we find Roberts' argument to be unpersuasive. We will assume, as the trial court apparently did, that Anderson's traffic stop was without justification. Despite that fact, Roberts appears to concede that he was not "seized" until after he discarded his firearm. (Appellant's brief at 8) ("Case law in this District and elsewhere has established that a seizure * * * does not occur until an officer uses physical force and places hands on the defendant."). Although Roberts stopped his car, he did not then submit to Anderson's show of authority. Instead, he exited his vehicle and continued his flight from the officer on foot.[1] *See, e.g., United States v. Ray*, 597 Fed.Appx. 832, 837-

---

[1] Even if we were to accept that the act of stopping Roberts' car itself constituted a momentary seizure, Roberts was not seized when he proceeded to flee on foot and discard the firearm. *Hodari D.*, 499 U.S. 621, at 625 ("To say that an arrest is effected by the slightest application of physical force, despite the arrestee's escape, is not to say that for Fourth Amendment purposes there is a continuing arrest during the period of fugitivity.

838 (6th Cir.2015) (citing cases and finding no "seizure" when, in response to a traffic stop, the defendant stopped his car and proceeded to flee on foot); *see also California v. Hodari D.*, 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (holding that cocaine discarded while the defendant was fleeing from police was not the fruit of a "seizure" and therefore was not subject to suppression even if the attempted stop was unlawful).

**{¶ 9}** This court itself addressed the foregoing issue in *State v. Wynn*, 2d Dist. Montgomery No. 24253, 2011-Ohio-1832, reasoning:

> When property is abandoned in the course of a police pursuit undertaken to effect an illegal detention, is it then reasonable to not suppress evidence of the property that was abandoned? That seems to be the gist of Defendant's argument on appeal.
>
> That issue was more recently resolved by the United States Supreme Court in *California v. Hodari D.* (1991), 499 U.S. 621, 113 L.Ed.2d 690, 111 S.Ct. 1547. On similar facts, the Supreme Court held that, even where a police pursuit was not based on reasonable suspicion, cocaine the suspect discarded during the course of the pursuit was not the fruit of a "seizure" within the meaning of the Fourth Amendment, because: (1) an arrest—the quintessential seizure of the person under Fourth Amendment jurisprudence—requires either (a) the application of physical force with lawful authority, or (b) submission to the assertion of authority; (2) the accused had not been touched by the officer at the time he discarded the

---

If, for example, Pertoso had laid his hands upon Hodari to arrest him, but Hodari had broken away and had then cast away the cocaine, it would hardly be realistic to say that the disclosure had been made during the course of an arrest.").

cocaine; and (3) assuming that the officer's pursuit of the accused constituted a show of authority enjoining the accused to halt, the accused did not comply with that injunction and therefore was not seized until the officer tackled him.

*Id.* at ¶17-18.

**{¶ 10}** The same analysis applies here. Under the reasoning of *Hodari D.*, Roberts concedes that if he "abandoned" his firearm while being chased, the weapon would not be subject to suppression even if Anderson lacked lawful authority to seize him. (Appellant's brief at 8) ("If Roberts abandoned the weapon, then this court's precedent would dictate [that] result.").

**{¶ 11}** Roberts' only argument on appeal is that he *did not* "abandon" the firearm. He asserts instead that he "tampered" with it. In support, he cites the parties' stipulation of fact that he tried to tamper with the firearm by throwing it to the ground so that police would not discover it. Implicit in Roberts' argument is the proposition that a person cannot simultaneously "abandon" evidence and "tamper" with it. We disagree.

**{¶ 12}** "Abandonment" of property in the present context primarily involves a question of intent, which may be inferred. *State v. Freeman*, 64 Ohio St.2d 291, 297, 414 N.E.2d 1044 (1980). " 'The issue is not abandonment in the strict property-right sense, but whether the person prejudiced by the search had voluntarily discarded, left behind, or otherwise relinquished his interest in the property in question so that he could no longer retain a reasonable expectation of privacy with regard to it at the time of the search.' " (Citations omitted.) *Id.* The legal effect of abandonment is to deprive a defendant of standing to challenge the admissibility of the evidence he abandoned. *Id.* at 298.

**{¶ 13}** Here we harbor no doubt that Roberts "abandoned" the firearm in his possession when he threw it to the ground while being pursued by police, thereby relinquishing any reasonable expectation of privacy in it. We see no reason why that act of abandonment could not also constitute evidence tampering, which involves, inter alia, concealing or removing any thing with the purpose to impair its availability as evidence.[2] R.C. 2912.12(A)(1). In other words, when Roberts discarded the firearm he abandoned it and, by so doing, also concealed or removed it to impair its availability as evidence against him. Stated differently, Roberts tampered with evidence by abandoning it prior to his seizure. *See*, *e.g.*, *State v. Bussle*, 11th Dist. Portage No. 2009-P-0061, 2010-Ohio-4943, ¶65 ("The number of Ohio courts which have upheld convictions for Tampering with Evidence based on similar factual patterns, i.e. defendants abandoned drugs in their possession while in flight from the police, is considerable.").

**{¶ 14}** Based on the reasoning set forth above, we find Roberts' argument to be unpersuasive. His assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . . . . . .

DONOVAN, P.J., and FAIN, J., concur.

Copies mailed to:

Megan M. Farley
Brian S. Hicks

---

[2] We note that Roberts was convicted of having a weapon while under disability, not evidence tampering, and we express no opinion as to whether he actually committed the offense of evidence tampering. We will address his argument, however, because he contends the parties' stipulation that he tried to tamper with evidence when he discarded the firearm necessarily precludes a finding of abandonment.

Hon. Richard J. O'Neill