[Cite as *State v. Hewitt*, 2019-Ohio-5011.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28225 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-3664 |
| | : | |
| DONALD R. HEWITT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of December, 2019.

. . . . . . . . . . .

MATHIAS H. HECK JR. by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Montgomery County Prosecutor's Office, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

RICHARD L. KAPLAN, Atty. Reg. No. 0029406, P.O. Box 751192, Dayton, Ohio 45475
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Donald Hewitt appeals from the granting, in part, of his August 13, 2018 petition for post-conviction relief. The trial court determined that Hewitt had been sentenced to 24 months in prison after a guilty plea to a charge of aggravated possession of methamphetamine, a third-degree felony, despite a plea agreement that he would receive an 18-month sentence. The trial court ordered resentencing, and he was resentenced on November 14, 2018 to 18 months in prison. In other respects, the trial court denied the relief sought in the petition.

{¶ 2} On appeal, Hewitt's appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting an inability to find any non-frivolous claims to present for review. We informed Hewitt that his attorney had filed an *Anders* brief on his behalf and granted him 60 days to file a pro se brief. No pro se brief has been filed.

## I. Procedural History

{¶ 3} Hewitt was indicted on December 19, 2017 for aggravated possession of methamphetamine, a third-degree felony. On March 30, 2018, he entered a guilty plea to the indicted charge with an agreement that he would be sentenced to 18 months in prison. On June 6, 2018, he was sentenced to 24 months in prison. He did not file a direct appeal.

{¶ 4} On August 13, 2018, Hewitt filed a "Petition to Vacate or Set Aside Judgment Conviction or Sentence." In that pleading, he raised four claims: (1) that he improperly was sentenced to 24 months in prison when there was a plea agreement for an 18-month sentence; (2) that he should not have been prosecuted because he was a "qualified individual" under R.C. 2925.11(B)(2)(b) in that he was arrested on an outstanding warrant

during a traffic stop shortly after he left a local hospital, where he was with a former passenger in his car who thought he (the passenger) was having an overdose, and drugs were found as a result of that arrest; (3) that he had been subjected to cruel and unusual punishment during his detention at the Montgomery County Jail because he was denied "adequate food, clothing, bedding shelter, and medical assistance"; and (4) that his trial counsel would not advise him how to withdraw his guilty plea and otherwise failed to represent him effectively. Each of these claims indicates that "[e]vidence supporting this claim is not attached because Petitioner needs the assistance of" an "attorney," an "investigator," a "security surveillance expert," or combinations thereof. He also separately filed motions for the appointment of counsel and for expert assistance.

{¶ 5} In ruling on Hewitt's petition and motions, the trial court granted the requested resentencing and further determined that because resentencing was the appropriate remedy, the court would not determine any of the other issues raised in his petition. The court overruled the request for expert assistance by ruling Hewitt had no right to appointment of experts in a post-conviction relief proceeding, citing *State v. Simpson*, 2d Dist. Montgomery No. 26631, 2016-Ohio1266, ¶ 16. The court also overruled the request for appointment of counsel for the reason that he was not entitled to counsel for a post-conviction relief petition, citing *State v. Waddy*, 10th Dist. Franklin No. 15AP-397, 2016-Ohio-4911, ¶ 43. However, the court did appoint counsel for Hewitt for the resentencing proceeding.

## II. Potential Assignments of Error

{¶ 6} In the *Anders* brief, appointed appellate counsel asks us to review several possible appellate arguments: (1) whether the November 15, 2018 "Amended-

Termination Entry" sentencing Hewitt to 18 months in prison and allowing 14 days of jail-time credit should have been made effective June 6, 2018, the original sentencing date; (2) whether R.C. 2925.11(B)(2)(b) provided immunity from prosecution for Hewitt; (3) whether Hewitt's Eighth Amendment rights were denied while he was in the Montgomery County Jail; and (4) whether trial counsel was ineffective in representing Hewitt. We conclude that none of these potential issues have arguable merit.

{¶ 7} After Hewitt initially was transported to prison, the trial court ruled on September 13, 2018, that he was entitled to 14 days of jail-time credit. At the resentencing hearing, the trial court stated: "I am going to sentence you to a term of 18 months in the Correction Reception Center. Your jail time credit will be 14 days. Now don't get too concerned with that, because that's the jail time credit that you spent here. You will still get your jail time credit at the prison." (Tr. at 2). The resentencing entry does not specifically refer to that acknowledgement, and we do not know, and Hewitt has not provided any information, whether he has been denied credit from the institution. Furthermore, Hewitt has not addressed any uncounted jail-time credit with the trial court and, as a potential argument, raises this issue for the first time on appeal. Upon checking the publicly available electronic records of the Ohio Department of Rehabilitation and Correction (ODRC), we are unable to find that he was denied any credit.[1] In addition, the ODRC lists the ultimate expiration of his prison terms as "8/3/2020" because he also is serving sentences from two Shelby County cases. Hewitt was sentenced on March 8, 2019, in Shelby C.P. No. 18 CR 157 to 12 months in prison, concurrent with this

---

[1] *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A745020 (accessed November 25, 2019).

Montgomery County case. On March 25, 2019, he was sentenced to an additional six months in prison in Shelby C.P. No. 18 CR 223, consecutive to the first Shelby County case.[2] No matter how the ODRC calculates incarceration credit for this case, the prison term in the Montgomery County case will have been completed even before the "80%" potential release date of May 11, 2020 for the Shelby County cases. Given that Hewitt has not raised this issue in the trial court and that we have no information to suggest he was denied prison-confinement credit (to which the trial court said he was entitled), and given his continued confinement on other charges, an assignment of error that he has been denied appropriate credit lacks arguable appellate merit and is frivolous.

{¶ 8} The three remaining potential assignments of error mirror the three remaining enumerated issues Hewitt raised in his post-conviction petition. Although the trial court did not rule on them, they are undeniably subject to dismissal for inadequacy. There is no evidence whatsoever *de hors* the record. "Pursuant to R.C. 2953.21(C), a trial court properly denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." *State v. Calhoun,* 86 Ohio St.3d 279, 279, 714 N.E.2d 905 (1999), paragraph two of the syllabus. In the complete absence of any evidence outside the record, the remaining three claims of the petition were properly dismissed. There is no potential reversible error.

{¶ 9} In addition, with regard to the assertion that Ohio's Good Samaritan relief-from-prosecution law, R.C. 2925.11 et seq., should have been applied, any argument to

---

[2] Accessible at https://co.shelby.oh.us/clerk-of-courts/public-records-search.

that effect is simply wrong. Hewitt was indicted for and pled guilty to a felony of the third degree. R.C. 2925.11 et seq. only applies to minor offenses. R.C. 2925.11(B)(2)(a)(iv) provides the applicable definition: " 'Minor drug possession offense' means a violation of this section that is a misdemeanor or a felony of the fifth degree." An argument that R.C. 2925.11 et seq. applies to Hewitt's case is frivolous.

{¶ 10} With regard to the petition's claim that Hewitt had been subjected to cruel and unusual punishment during his detention at the Montgomery County Jail, the petition makes no allegation or argument that whatever treatment he received at the jail, if true, impacted his guilty plea in the common pleas court. Alleged violations of the constitutional prohibition against cruel and unusual punishment in the Eighth Amendment to the United States Constitution might give rise to an independent claim under 42 U.S.C. 1983, but that is not a proper claim in a petition for post-conviction relief. An argument that Hewitt's third petition claim should have been recognized or heard is frivolous.

{¶ 11} Hewitt's fourth petition claim, that trial counsel was ineffective, also unquestionably fails. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann [v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)]." *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992), quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). "A guilty plea waives the right to allege ineffective assistance of counsel, except to the extent that

the errors caused the plea to be less than knowing and voluntary." *State v. Webb,* 2d Dist. Montgomery No. 26198, 2015-Ohio-553, ¶ 15. Hewitt did not file a direct appeal, so any argument that the plea was less than knowing and voluntary that could have been supported by the trial court record is now prohibited by res judicata. The foregoing analysis make Hewitt's failure to provide *any* evidence of ineffective assistance outside the record even more critical, and he provided the trial court with absolutely nothing to support a claim of ineffective assistance of counsel. An argument that he would, or could, or might prevail on the fourth claim of his petition is frivolous.

### III. *Anders* Review

{¶ 12} We independently have conducted a thorough and complete examination of the proceedings to decide whether this appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders* at 744. We have reviewed the docket, the petition and filings, the written transcript of the resentencing hearing, the presentence investigation report, and the sentencing entry. We note that the trial court properly overruled the motions for expert assistance and for counsel for the petition for post-conviction relief based on the case law cited by the trial court. We have found no non-frivolous issues for review. Accordingly, the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck Jr.
Michael P. Allen
Richard L. Kaplan
Donald R. Hewitt
Hon. Dennis J. Adkins