**[Cite as *State v. Culberson*, 2021-Ohio-2214.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

STATE OF OHIO                                     :
                                                  :
    Plaintiff-Appellee                 :      Appellate Case No. 2021-CA-5
                                                  :
v.                                                :      Trial Court Case Nos. 2019-CR-768 &
                                                  :                              2020-CR-31
CHRISTOPHER CULBERSON                             :
                                                  :      (Criminal Appeal from
    Defendant-Appellant                :      Common Pleas Court)
                                                  :

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of June, 2021.

. . . . . . . . . . .

IAN A. RICHARDSON, Atty. Reg. No. 0100124, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

CHRISTOPHER CULBERSON, #A776-221, P.O. Box 1812, Marion, Ohio 43301
    Defendant-Appellee, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Petitioner-Appellant, Christopher Culberson, appeals pro se from the trial court's denial of his petition to vacate or set aside his convictions for having weapons while under disability, failure to comply, and drug possession. Culberson challenges the trial court's limitation of its consideration of his petition to the ineffective assistance claim, asserting that the court should have also considered the claims concerning search and seizure and due process. Culberson further asserts that various actions and omissions on the part of trial counsel caused him to enter a guilty plea he otherwise would not have made, denying him the effective assistance of counsel. For the reasons that follow, we affirm.

## I. Factual and Procedural Background

{¶ 2} As an initial matter, we note that Culberson has failed to include transcripts of any trial proceedings in the record, which inhibits our ability to discern the factual background of the case. Accordingly, we are left to glean the facts to the best of our ability from the trial court entries in the record.

{¶ 3} On November 17, 2019, Officer Melvin of the Springfield Police Department received word that Culberson had departed a Springfield motel in a black Chevy Equinox. Officer Melvin was aware that there were active warrants out for Culberson's arrest. The officer travelled to the vicinity of the motel, where he located and began following a car matching the description in the tip. He could not clearly see the driver, and the rear license plate was obscured by a heavily-tinted cover.

{¶ 4} Officer Melvin continued following the vehicle and observed it go left of center. He activated the lights on his cruiser, whereupon the Equinox instituted a high-

speed chase. After approximately one minute, the Equinox went off the road and crashed. The driver flung open the door and fled the vehicle on foot. He was pursued and apprehended by police, The driver was identified as Culberson.

{¶ 5} Following Culberson's apprehension, Officer Melvin returned to the Equinox. The door was ajar and the keys were still in the ignition. The officer reached in to put the vehicle in park, at which time he observed a firearm in plain view in the passenger compartment. The officer executed a warrantless search of the entire vehicle, seizing firearms and drugs.

{¶ 6} On November 25, 2019, in Clark C.P. No. 19-CR-768, the Clark County grand jury returned a six-count indictment charging Culberson with two counts of having weapons while under disability, third-degree felonies; one count of receiving stolen property, a fourth-degree felony; one count of improper handling of firearms in a motor vehicle, a fourth-degree felony; and one count of failure to comply with an order or signal of a police officer, a third-degree felony. The charges were accompanied by a forfeiture specification targeting three firearms seized from the Equinox.

{¶ 7} On January 21, 2020, in Clark C.P. No. 20-CR-31, the Clark County grand jury returned a second six-count indictment charging Culberson with aggravated trafficking in drugs, a fourth-degree felony; aggravated possession of drugs, a fourth-degree felony; trafficking in cocaine, a fifth-degree felony; possession of cocaine, a fifth-degree felony; possession of criminal tools, a fifth-degree felony; and possession of a fentanyl related compound, a fifth-degree felony. On the State's motion, Case Nos. 19-CR-768 and 20-CR-31 were consolidated for purposes of trial as both involved the facts and circumstances surrounding Culberson's November 17, 2019 arrest.

{¶ 8} Culberson unsuccessfully moved to suppress the evidence seized in connection with his arrest. Thereafter, on June 3, 2020, he pled guilty to one count of possession of drugs, one count of having a weapon under disability, and one count of failure to comply. The remaining charges were dismissed, as were additional pending charges against Culberson in Clark C.P. Nos. 18-CR-91, 19-CR-613, and 19-CR-767. Culberson was sentenced to an aggregate term of six years in prison. He did not file a direct appeal.

{¶ 9} On September 28, 2020, Culberson filed a pro se petition to vacate or set aside judgment of conviction or sentence. He now appeals from the denial of that petition.

## II. Analysis

{¶ 10} Culberson assigns two errors for our consideration; we print them as they appear in his brief:

1. THE TRIAL COURT'S DECISION TO ONLY ANSWER APPELLANT'S CLAIM THAT HE WAS DENIED HIS VI AMENDMENT RIGHT TO AFFECTIVE ASSISTENCE OF COUNSEL WAS IN ERROR; ESPECIALLY WHEN THE APPELLANT ALSO CLAIMED THAT HE WAS DENIED HIS FOUTTH AMENDMENT RIGHT: THE RIGHT AGAINST UNREASONABLE SEARCH & SEIZURE, HIS FIFTH AMENDMENT AND FOURTEENTH AMENDMENT DUE PROCESS RIGHT: EQUALLY BEING PROTECTED FROM THE ILLEGALLY SEIZED EVIDENCE THAT RESULTED FROM AN EXICUTION OF ARREST WARRANTS: FRUITS FROM A POISONOUS TREE, THAT IF THE TRIAL COURT HAD PROPERLY RULLED ON THE SUPPRESSION HEARING, WOULD HAVE DISMISSED THE CASE.

2. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING THE PRE-TRIAL STAGES OF ADJUDICATION PROCESS, AND DURING THE PROCEEDINGS RESULTING IN A PLEA BARGAIN THAT WAS NOT IN THE BEST INTREST OF THE APPELLANT WHO WAS UNDER DURESS: COHERSED INTO PLEADING GUILTY BY HIS COURT APPOINTED ILLPRE_PARED ATTORNEY, WHEN WAS UNPREPARED DURING THE SUPPRESSION HEARING, AND TELLING THE APPELLANT THAT IF HE DID NOT PLEAD GUILTY, THAT HE WOULD BE IN DANGER OF BEING SENTENCED TO THE MAXIMUM OF FIFTY (50) YEARS IN PRISON IF FOUND GUILTY: AND BECAUSE THE ATTORNEY WAS NOT ABLE TO BEAT THE CHARGES,  WHEN THEIR WAS A CLEAR VIOLATION OF APPELLANT'S FOURTH, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE CONSTITUTION OF THE UNITED STATES, THAT IS GUARANTEED HIM BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

### A.  Culberson's Fourth and Fourteenth Amendment Claims

{¶ 11} In his first assignment of error, Culberson argues that the trial court erred in failing to address claims he advanced in his petition under the Fourth and Fourteenth Amendments to the United States Constitution. Specifically, he argues that the police unlawfully searched a residence on Sturgeon Street on November 14, 2017 while attempting to serve an arrest warrant on him, and he challenges the warrantless search of the Chevy Equinox he was driving on November 17, 2019. Culberson maintains that the evidence obtained from these unlawful searches should have been suppressed as

fruit of the poisonous tree, and that the failure to do so violated his due process rights.

{¶ 12} Although styled as a petition to vacate, Culberson's December 28, 2020 filing was, in substance and effect, a petition for postconviction relief. *See State v. Evans*, 2d Dist. Montgomery No. 26574, 2015-Ohio-3161, ¶ 5, citing *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, syllabus. A criminal defendant may seek timely or untimely postconviction relief for constitutional violations pursuant to R.C. 2953.21 or R.C. 2953.23, respectively. *See State v. Wright*, 2d Dist. Clark No. 2020-CA-33, 2021-Ohio-610, ¶ 5. Nonetheless, the petitioner is limited to raising those constitutional violations which could not be raised on direct appeal. *Id.* at ¶ 6. Otherwise, the alleged violations are barred by the doctrine of res judicata. *Id.*

{¶ 13} Aside from the claim of ineffective assistance of counsel, the trial court was under no obligation to address Culberson's remaining constitutional claims because they were barred by res judicata. The claims regarding the search of the Equinox were premised upon facts that lay entirely within the record. *See, e.g., State v. Hewitt*, 2d Dist. Montgomery No. 28225, 2019-Ohio-5011, ¶ 8 (postconviction claims properly dismissed where petitioner offered absolutely no evidence dehors the record to support them). Culberson's arguments challenging this search could have been raised on direct appeal. *Id.* Because Culberson did not file a direct appeal, these claims are now barred by res judicata. *Id.*

{¶ 14} Even had Culberson's Fourth and Fourteenth Amendment claims been properly presented, we would find them to be without merit. To begin, the search of the residence on Sturgeon Street implicates Case No. 18-CR-91, which was dismissed pursuant to the plea agreement. That case is not relevant to the instant case, and

Culberson has failed to demonstrate that Case No. 18-CR-91 had any bearing on his current convictions.

{¶ 15} Culberson's claims challenging the legality of the search of the Chevy Equinox similarly would fail on their merits. If one accepts Culberson's assertion that he was not the owner of the Equinox, he could not assert a privacy interest therein. *State v. Williamson*, 2d Dist. Montgomery No. 27147, 2017-Ohio-7098, ¶ 72, citing *Rakas v. Illinois*, 439 U.S. 128, 148, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) (where an occupant asserts no proprietary or possessory interest in a vehicle, he enjoys no reasonable expectation of privacy therein to confer standing to challenge the constitutionality of a search). This lack of standing would be fatal to Culberson's Fourth Amendment claims. *Rakas* at 148.

{¶ 16} The Ohio Supreme Court has acknowledged that a person who is in lawful possession of a vehicle, even if not the titled owner, possesses a legitimate expectation of privacy if the owner gave him permission to use the vehicle. *State v. Carter*, 69 Ohio St.3d 57, 63, 630 N.E.2d 355 (1994). Culberson would thus have standing to challenge the search of the Equinox if the record established he was driving the vehicle with the owner's permission. Even if this were the case, however, he lost that expectation of privacy when he abandoned the vehicle on the roadside while fleeing from the police on foot. *State v. Roberts*, 2d Dist. Clark No. 2015-CA-104, 2016-Ohio-7327 (abandonment of property by the accused during police pursuit relinquishes any Fourth Amendment expectation of privacy therein).

{¶ 17} Finally, even if Culberson had standing to challenge the search and did not forfeit it by abandoning the vehicle, he would still not prevail. The scant record before us

supports that Officer Melvin lawfully entered the vehicle to put it into park and observed a firearm in plain view. This discovery afforded probable cause to support a warrantless search of the vehicle for weapons or contraband. *State v. King*, 2d Dist. Montgomery No. 27432, 2017-Ohio-8910, ¶ 13-14.

{¶ 18} In sum, we hold that the trial court did not err in failing to address Culberson's Fourth and Fourteenth Amendment claims because they were barred by res judicata. Those claims could and should have been raised in a direct appeal of his conviction. The first assignment of error is overruled.

### B. Ineffective Assistance of Counsel

{¶ 19} In his second assignment of error, Culberson contends he was denied his right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution. Specifically, Culberson alleges that his attorney was not prepared to go to trial, neglected to file pretrial affidavits of prospective witnesses, failed to investigate his arrests, failed to interview the owner of the house or the vehicle, and coerced him into accepting a plea deal. Culberson insists he would not have pled guilty but for counsel's deficient advice. He further avers that he would not have pled guilty had he been apprised of a case out of Texas called *Avery v. State*, 359 S.W.3d 230 (Tex.Crim.App.2012).

{¶ 20} To establish ineffective assistance of counsel, a defendant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that counsel's errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial or proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). "A guilty plea waives

the right to allege ineffective assistance of counsel, except to the extent that the errors caused the plea to be less than knowing and voluntary." *State v. Hurtado*, 2d Dist. Montgomery No. 26892, 2017-Ohio-1465, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992).

{¶ 21} Generally, an attorney's advice to accept a plea deal does not constitute ineffective assistance. *State v. Chatman*, 2d Dist. Montgomery No. 25766, 2014-Ohio-134, ¶ 7, quoting *State v. Shugart*, 7th Dist. Mahoning No. 08 MA 238, 2009-Ohio-6807, ¶ 37. There is nothing in the record before us to support that counsel was ineffective by negotiating and participating in Culberson's acceptance of the deal.

{¶ 22} Moreover, when assessing the first *Strickland* prong, much deference is afforded to trial counsel. *Strickland* at 689. Decisions on what evidence to present and which witnesses to call are typically deemed matters of trial strategy which are accorded high deference. *Id.* In denying Culberson's petition, the trial court noted that his counsel was a seasoned trial attorney. Counsel's decisions regarding pretrial affidavits and how to utilize potential witnesses were matters that fell within the realm of trial strategy. "The attorney is there to give informed advice, to relate worse case scenarios to his client, and to make a recommendation regardless of whether it makes the client upset." *Shugart* at ¶ 37. Here, counsel ultimately recommended Culberson take a plea agreement. Given the circumstances, we cannot conclude counsel was ineffective for doing so.

{¶ 23} Finally, we fail to see how the *Avery* case cited by Culberson applies here. That case involves a jury trial and a conviction regarding submission of an altered prescription form to a pharmacy - nothing like the facts in Culberson's convictions. We also note it is a Texas case which has no precedential value in the state of Ohio. Trial

counsel was under no obligation to inform appellant of cases which have no bearing on the instant matter.

{¶ 24} We hold that the record does not support a finding that Culberson suffered from ineffective assistance of counsel. Culberson has not demonstrated operative facts that establish substantive grounds for postconviction relief or for a hearing on his petition. The second assignment of error is overruled.

### III. Conclusion

{¶ 25} Having overruled both of Culberson's assignments of error, the trial court's judgment is affirmed.

. . . . . . . . . . . . .


TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Ian A. Richardson
Christopher Culberson
Hon. Douglas M. Rastatter